UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT EARL DAVIES,<br><br>Defendant. | 3:12-cr-00044-LRH-VPC<br><br>ORDER |

Before the court is petitioner Robert Earl Davies' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 26. The United States filed a response (ECF No. 31), but Davies failed to reply. Because Davies was not sentenced under the Armed Career Criminal Act ("ACCA") or under a federal statute or sentencing guideline that incorporates a crime-of-violence definition, the U.S. Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) is inapplicable to his sentence. The court will therefore deny his motion and deny him a certificate of appealability.

**I.     Background**

On November 6, 2012, Davies pled guilty, without the benefit of a plea agreement, to five counts of Hobbs Act robbery under 18 U.S.C. § 1951. ECF No. 17; *see also* ECF No. 1. On April 1, 2013, this court sentenced him to 84 months of imprisonment. ECF Nos. 22–23.

**II.    Legal standard**

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the

United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id*. § 2255(b).

**III.   Discussion**

    **A.   Davies is not entitled to relief**

Davies argues that he is entitled to relief under *Johnson v. United States*. There, the U.S. Supreme Court ruled that a portion of the ACCA's violent-felony definition, often referred to as the "residual clause," was unconstitutionally vague (i.e., "void for vagueness"). *Johnson*, 135 S. Ct. at 2557. The ACCA applies to certain defendants charged with unlawful possession of a firearm under 18 U.S.C. § 922(g), such as being a felon in possession of a firearm under § 922(g)(1). 18 U.S.C. § 924(e). The Supreme Court subsequently held that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016), thus allowing defendants to challenge their ACCA convictions under section 2255.

Moreover, *Johnson* has also sparked challenges to other federal criminal statutes and sections of the U.S. Sentencing Guidelines ("U.S.S.G.") that incorporate a "crime-of-violence" definition that includes a residual clause similar or identical to the ACCA's. Although some of these issues are currently on appeal, the Supreme Court recently ruled in *Beckles v. United States*, 137 S. Ct. 886 (2017) that "the advisory Sentencing Guidelines, including [U.S.S.G.] § 4B1.2(a)'s residual clause, are not subject to a challenge under the void-for-vagueness doctrine." *Beckles*, 137 S. Ct. at 896.

Here, Davies was convicted of five counts of Hobbs Act robbery and was therefore not sentenced under the ACCA. Additionally, none of the sentencing guidelines that applied to his offenses incorporated a crime-of-violence definition. And even if such guidelines had applied, *Beckles* would foreclose Davies' claim for relief. Accordingly, the court will deny his motion.

2

### B. The court will deny Davies a certificate of appealability

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability ("COA") based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. To meet this threshold inquiry, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) (internal citations, quotation marks, and brackets omitted).

As discussed above, *Johnson v. United States* is inapplicable to Davies' sentence, and he has therefore failed to make any showing of a denial of a constitutional right. The court will therefore deny him a COA.

## IV. Conclusion

IT IS THEREFORE ORDERED that petitioner Robert Earl Davies' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 26) is **DENIED**.

IT IS FURTHER ORDERED that Davies' motion for appointment of counsel (ECF No. 25) is **DENIED as MOOT.**

IT IS FURTHER ORDERED that Davies is **DENIED** a certificate of appealability.

IT IS SO ORDERED.

DATED this 14th day of September, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE